Foulhouze v. Myra Clark Gaines.

## No. 4766.

### JAMES FOULHOUZE *v.* MYRA CLARK GAINES

The plaintiff, a judgment creditor of defendant, Mrs. Gaines, issued execution and instituted garnishment process against the city of New Orleans, the latter being a judgment debtor of Mrs. Gaines by virtue of a judgment and decree of the United States Circuit Court.

The plaintiff moved that the city of New Orleans and other garnishees show cause why the said city of New Orleans should not be condemned and ordered to pay to the sheriff the amount of plaintiff's judgment and *fieri facias*, on the ground that by their answers it was shown that the city had sufficient funds to pay.

On the trial, a bill of exceptions was taken by the plaintiff to the ruling of the court sustaining objections to the introduction in evidence by plaintiff of a certified copy of the *fieri facias* issued in the case of Mrs. Gaines *v.* The City of New Orleans in the United States Circuit Court, together with the returns on the *fieri facias* and to all evidence whatever in support of the averments made in the rule.

The objections were, that plaintiff could not proceed summarily by rule against said garnishees; that they were entitled to trial by jury; that the granting of the order asked for would interfere with the exclusive jurisdiction of the United States Circuit Court and bring the State court in conflict with it.

The court *a qua* erred. If entitled to a jury, the garnishee, city of New Orleans, went into the trial without praying for one. She was a mere stakeholder in this case without interest on her part as to whom payment should be made.

The evidence erroneously rejected was intended to show that the *fieri facias* held by the United States Marshal was returned into court unsatisfied in whole; that no property was found to seize, and that nothing was made on the writ. The Circuit Court of the United States had exercised its authority in the rendition of the judgment. That judgment was the property of Mrs. Gaines, and like any other property she owned, was liable to seizure by her judgment creditors. It is impossible therefore to perceive how a conflict of jurisdiction could arise from the proceedings on garnishment.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J. *E. Howard McCaleb,* for plaintiff and appellant. *Lacey,* city attorney, and *Walsh,* assistant city attorney, for the city of New Orleans. *Fellows & Mills,* for S. M. Todd; *Clarke, Bayne & Renshaw,* for A. Schreiber, garnishees.

TALIAFERRO, J. The plaintiff having obtained judgment against the defendant for the sum of ten thousand dollars, with legal interest thereon from the fourteenth of September, 1871, issued execution and instituted garnishment process against the city of New Orleans, the latter being a judgment debtor of Mrs. Gaines for $125,266, as fixed by a judgment and decree of the United States Circuit Court. A. Schrieber, S. M. Todd, and S. B. Packard, United States Marshal, were also cited in garnishment. The city of New Orleans answered, that at the time of seizure and answer, it was indebted to Myra Clark Gaines in the sum of $125,266 79; that the judgment has been seized by sundry persons; that the following seizures are recorded in the office of the Administrator of Public Accounts, viz: James Emott *v.* Myra Clark Gaines, in October, April and August, 1873; that the said judgment in favor of Mrs. Gaines and against the city of New Orleans (as per notice from them dated twenty-fifth November, 1872), had been

assigned to A. Schrieber and S. M. Todd; that a seizure had been made in the suit of A. B. Magruder and J. V. Chilton, v. Mrs. Gaines, No. 25,359, of the docket of the Fourth District Court; that Rhoda E. White had given notice on the eleventh of April, 1873, to the city to retain for her fifteen per cent. of the sum due to her by Mrs. Gaines by virtue of an alleged mortgage. A. Schrieber answered that as trustee, with S. M. Todd, there may at some future date be a balance in his hands, subject to the order of Mrs. Gaines, of which the nature, description and amount, if any, is unknown to respondent. S. M. Todd answered : I am one of the two trustees to whom was transferred and assigned on the twenty-fifth of November, 1872, a certain judgment in favor of Mrs. Gaines against the city of New Orleans for $125,266 79, and all moneys that may be collected or received thereon; to pay first, James Emott $40,000, with seven per cent. interest from the first of November, 1872 ; and after the same is satisfied, to pay the residue to Mrs. Gaines or her order; that previous to the service of these interrogatories I had received and accepted orders from Mrs. Gaines to pay a portion of the proceeds of said judgment to other parties; also claims of parties claiming privilege and garnishment to satisfy judgments against Mrs. Gaines, in all amounting to $120,000. Should, however, the judgment against the city of New Orleans, with interest thereon, be paid in full into the hands of this respondent, there will probably be left, after satisfying the claims above alluded to, a sufficient sum to satisfy the writ of *fieri facias* issued in this case, unless there should be attorneys' liens and other claims having preference, of which respondent knows nothing. S. B. Packard, the United States Marshal, answered that he holds an execution in favor of Mrs. Gaines against the city of New Orleans for said sum of $125,266 79, but has made no seizure under it ; that claims have been made against said sum as follows: Race, Foster & Merrick, attorneys, for $10,000 ; A. Schrieber and S. M. Todd, trustees and assignees of the judgment ; Rhoda C. White fifteen per cent. Schrieber, Todd and Packard, answered that they had received no moneys or property for and were in no manner indebted to Mrs. Gaines or her assigns of the judgment, or by virtue of the trust or pledge in favor of Emott.

Upon these answers being made, the plaintiff proceeded by rule against the city to show cause why it should not be condemned to pay the plaintiff's demand. In support of the motion various grounds were stated. Among these the principal are : That by its answers the city shows that it is indebted to defendant in a sum exceeding the amount of plaintiff's judgment; that the answers of Schrieber and Todd show that the transfer to them is a mere trust, and that, for a sum far less than the debt due to the defendant by the city, and if the

beneficiary, Emott, was paid, there would remain a balance of $85,000 due Mrs. Gaines.

That the answers disclose explicitly no other charge on the fund except the sum due Emott, $40,000; that due Race, Foster & Merrick, $10,000, and a sum due Magruder & Chilton. That in regard to every other claim against the fund the answers are not categorical, but evasive and contradictory, and must be construed against the city. That beyond the amount due Emott, the transfer is a confessed simulation.

To this motion the city filed an exception, setting forth: That the present proceeding is not cognizable by the court under a rule or summary proceeding. In its answer the city contended: That Todd and Schrieber, Magruder, Chilton and Rhoda E. White, whose claims would absorb the whole fund, and who assert a superior privilege, should be made parties to the rule, and prayed that they be made parties by service of the rule and answers.

On trial of the rule the court ordered it to be discharged. The plaintiff has appealed.

A bill of exceptions was taken by the plaintiff to the ruling of the court sustaining objections to the introduction in evidence by the plaintiff of a certified copy of the *fieri facias*, issued in the case of Myra Clark Gaines *v.* The city of New Orleans, No. 2695, United States Circuit Court, District of Louisiana, together with the returns on the *fieri facias*, and to all evidence whatever in support of the averments made in the rule. The objections were: That plaintiff could not proceed summarily against them by rule. That they were entitled to trial by jury. That the granting of the order asked for would interfere with the exclusive jurisdiction of the United States Circuit Court and bring this court in conflict with it.

We think the court erred. The document annexed to the bill of exceptions shows that the *fieri facias* held by the United States Marshal was returned into court unsatisfied in whole; that no property was found to seize, and that nothing was made on the writ. We do not perceive that a confliction of jurisdiction could arise from the proceedings in garnishment. The Circuit Court of the United States had exercised its authority in the rendition of the judgment. A *fieri facias* had been issued and returned *nulla bona*. The judgment was the property of Mrs. Gaines, and, like any other property she owned, was liable to seizure by her judgment creditors. If entitled to a jury, the city went into the trial without praying for one. She was a mere stakeholder in this case, without interest on her part to whom payment should be made.

We conclude that it is clear from the answers of all the garnishees

that over and above the amounts of well established claims to be sat-
isfied out of the proceeds of Mrs. Gaines' judgment, and which have
priority over the plaintiff's claim, there remains a sufficient sum to pay
and acquit his demand, and that he has by his garnishment process
secured it. Code of Practice, articles 246, 642.

It is therefore ordered, adjudged and decreed that the judgment of
the district court be annulled, avoided and reversed. It is further or-
dered that the plaintiff have and recover from the city of New Orleans
as garnishee the sum of $10,000, with legal interest thereon from the
fourteenth September, 1871, with costs in both courts. .

Rehearing refused.